UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONAIR CORPORATION and
BABYLISS FACO SPRL,

      Plaintiffs,

v.                                        Case No:  6:14-cv-920-Orl-41TBS

K&A BEAUTY, LLC d/b/a ARGAN
WOMAN USA,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiffs Conair Corp. ("Conair") and Babyliss Faco

SPRL's ("Babyliss") Motion for Default Final Judgment and Permanent Injunction Against

Defendant K&A Beauty, LLC. (Doc 19).  Upon due consideration I respectfully

recommend that the motion be **GRANTED as modified** in this report and

recommendation.

### I. Background

      Plaintiffs filed this lawsuit against "John Doe, d/b/a Argan Woman" on July 11,

2013.  (Doc. 1).  One week later, they amended their complaint to name K & A Beauty,

LLC as the Defendant.  (Doc. 4).  The amended complaint alleges that Conair is the

exclusive licensee of United States Patent Nos. 8,607,804, entitled "Hair Styling Aid" (the

'804 patent); 8,651,118, entitled "Hair Styling Device" (the '118 patent); and 8,733,374,

entitled "Hair Styling Device" (the '374 patent); and Plaintiff Babyliss[1] is the owner of

United States Design Patent No. D696,456, entitled "Hair Styling Apparatus" (the '456

patent). (Id. ¶¶ 4-5).  Plaintiffs sell hair curling devices (specifically, Conair's Curl Secret

---

[1] Babyliss is a subsidiary of Conair.  (Doc 4, ¶ 5).

and Babyliss's Miracurl) that practice the '804, '118, and '379 patents and are enclosed in "a sleek, novel, and consumer-friendly ornamental design" that is embodied in the '456 patent. (Id. ¶¶ 7-8). Plaintiffs also own "distinctive, aesthetic, non-functional trade dress" in Curl Secret and Miracurl, characterized by the products' color (dark purple for the Curl Secret, teal for the Miracurl); the positioning of the controls; the products' "unique shape," including the "round bulbous clam-shell head and ... sleek handle"; the "swiveling truncated-cone power-cord attachment"; and the "flexible ribs" on the part of the power cord nearest to the attachment. (Id. ¶¶ 10-12).

Plaintiffs allege that Defendant's hair curling device ArganCurl is a "knock-off" of the Curl Secret and Miracurl. (Id. ¶ 8). They aver that Defendant has infringed and continues to infringe their utility and design patents by "making, using, selling, offering for sale, and/or importing into the U.S. hair styling devices," including the ArganCurl, "that infringe one or more claims of" these patents. (Id. ¶¶ 6, 18-19, 22-23). They also aver that the ArganCurl is "confusingly similar" to the Curl Secret and Miracurl and that Defendant "copied and used the Curl Secret and Miracurl trade dress" in marketing the Argan Curl "with the intention of misleading, deceiving or confusing consumers as to the origin of the accused products," in violation of Plaintiffs' rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law. (Id. ¶ 14, 26, 29). Plaintiffs seek damages, attorneys' fees, and costs, as well as a permanent injunction barring further infringement of their intellectual property. (Id. pp. 9-10).

On June 20, 2014, Plaintiffs served a summons and complaint on Eyal Sharon, the brother of Defendant's registered agent Arlene Sharon, at their common residence in North Miami Beach, Florida. (Doc. 11). Defendant failed to respond to the complaint, and on July 14, Plaintiffs moved for entry of a clerk's default. (Doc. 17). The Clerk

entered default on July 16.  (Doc. 18).  On July 21, Defendant filed the pending motion for a default judgment including a permanent injunction.  (Doc. 19).

## II. Discussion

### A.  The Clerk Properly Entered Default

As an initial matter, I find that the entry of default by the Clerk was proper.  The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner...." Kelly v. Florida, 233 Fed. Appx. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).  Under the federal rules, service on an LLC is proper if made in accordance with the laws of the forum state or the state where the defendant is served.  FED. R. CIV. P. 4(h)(1)(A), (e)(1).  Under Florida law, if an LLC's registered agent is listed at a residential address, the LLC may be served by serving the registered agent in accordance with the laws for serving an individual.  FLA. STAT. § 48.062(4).  An individual may be served by "leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."  FLA. STAT. § 48.031(1)(a).

Arlene Sharon, Defendant's registered agent, is listed at a residential address in Florida.[2]  The process server served a copy of the summons and complaint on Eyal Sharon, Arlene Sharon's brother, at that address.  (Doc. 11).  Eyal Sharon told the process server he lived at that address and that he was over the age of 15.  (Id.) Pursuant to Rule 12(a)(1), Defendant was required to respond to the complaint within twenty-one (21) days from the date of service–in other words, by July 11, 2014.

---

[2] See Florida Department of State, Division of Corporations, Detail by Entity Name: K & A Beauty LLC (effective date Jan. 1, 2014), available at
http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/flal-l13000176625-bf4c14f8-6838-4e98-88d7-d7fa6fda5f5f/K%20%26%20A%20Beauty%2c%20LLC/Page1 (last visited July 23, 2014).

Defendant failed to respond and has otherwise failed to appear in this action.  Thus, the Clerk's default (Doc. 18) was properly entered.

B.  There is a Sufficient Basis for Entry of Default Judgment Against Defendant K & A Beauty, LLC

The entry of a default by the Clerk does not require the court to enter a default judgment.  DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).  Before judgment can be entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.  Id.  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

To establish a claim for direct patent infringement, a plaintiff must prove (1) ownership of the patent; and (2) the defendant's unauthorized making, use, importation, sale, or offer to sell the patented invention.  35 U.S.C. § 271(a).  For standing purposes, an exclusive licensee is treated like an owner if the exclusive license "grant[s] ... all substantial rights" to the licensee.  Vaupel Textilmaschinen KG v. Meccania Euro Italia SPA, 944 F.2d 870, 875 (Fed. Cir. 1991).  Plaintiffs allege that Conair is "the exclusive licensee" of the utility patents and "owns all substantial rights in those patents," and that Babyliss is the owner of the design patent.  (Doc. 4, ¶¶ 4-5).  Plaintiffs also allege that Defendant "has previously and is presently making, using, selling, offering for sale, and/or importing into the U.S. hair styling devices," in particular the ArganCurl, "that infringe one or more claims of" each of these patents.  (Id. ¶¶ 6, 18, 22).  By virtue of its default,

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Defendant has admitted these allegations.  Accordingly, I find that there is a sufficient basis to conclude that Defendant has infringed Plaintiffs' utility and design patents by offering to sell and selling the ArganWoman ArganCurl product.

Section 43(a) of the Lanham Act subjects to civil liability any person who, in marketing or selling goods or services, uses a "word, term, name, symbol, device, or any combination thereof, or any false designation of origin," or any misrepresentation of fact that is likely to cause confusion as to the origin of the product, the association of that person with another, or approval or sponsorship of the person's product by another.  15 U.S.C. § 1125(a)(1)(A).  Courts have construed § 43(a) to protect "trade dress," which is defined as "the total image of a product ... [that] may include features such as size, shape, color or color combinations, textures, graphics, or even particular sales techniques." John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 982 (11th Cir. 1983).  "In order to prevail on a claim for trade dress infringement under § 43(a), a plaintiff must prove three elements: (1) that the trade dress of the two products is confusingly similar; (2) that the features of the trade dress are primarily non-functional; and (3) that the trade dress ... has acquired secondary meaning."[4] Epic Metals Corp. v. Souliere, 99 F.3d 1034, 1038 (11th Cir. 1996).

Plaintiffs have pled, and Defendant has admitted, that Defendant's product is confusingly similar to the Curl Secret and Miracurl and that it is "likely to cause confusion, deception, and mistake among consumers and potential consumers of the Conair Curl Secret product." (Doc. 4, ¶¶ 14, 15).  Plaintiffs also allege that Defendant "copied" the Curl Secret and Miracurl trade dress and have included photographs in their amended

---

[4] In some cases, a plaintiff may be able to dispense with proof of secondary meaning by showing that its trade dress is "inherently distinctive." Id.  But here, Plaintiffs' trade dress consists solely of the design of their products, and product design cannot be inherently distinctive. Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 213-14 (2000).  Plaintiffs must therefore show that their trade dress has acquired secondary meaning.

complaint of Conair's Curl Secret and Defendant's ArganCurl, and the products appear strikingly similar.  (Id., pp. 5-6); see John H. Harland Co., 711 F.2d at 973 (factors relevant to determining whether two products' have confusingly similar trade dress include similarity of design, similarity of product, and defendant's intent).  Plaintiffs have also pled and Defendant has admitted that the features of the Curl Secret and Miracurl trade dress are non-functional (Doc. 4, ¶ 10-11, 13), and that the trade dress has acquired secondary meaning in that consumers associate it with Conair's CurlSecret and Babyliss's Miracurl products.  (Id. ¶¶ 12-13).  In their motion for default judgment, Plaintiffs explain their extensive marketing efforts that have led consumers to associate the design of the Curl Secret and Miracurl with Plaintiffs.  (Doc. 19, p. 7).  Accordingly, I find there is a sufficient basis to conclude that Defendant has infringed Plaintiffs' trade dress by marketing and selling the ArganWoman ArganCurl product.

Lastly, while there are few reported Florida court decisions addressing the protection of "trade dress" under Florida common law, it seems likely that Florida courts would apply Florida common law in a manner consistent with and complementary to § 43(a) of the Lanham Act.  The Florida legislature has directed Florida courts to give "great weight" to federal cases interpreting the Lanham Act in construing the state's own trademark law.  FLA. STAT. § 495.181; Great Southern Bank v. First Southern Bank, 625 So. 2d 463, 466-67 (Fla. 1993); see also Anderson v. Upper Keys Business Group, Inc., 61 So. 3d 1162, 1167 (Fl. App. 3d Dist. 2011) (noting that "[state] common law and state and federal statutes ... all apply the same standards" in service mark infringement cases).  The Florida Supreme Court has also extensively cited the Restatement (Third) of Unfair Competition, which recognizes trade dress protection.  See generally Great Southern Bank, 625 So. 2d 463; Restatement (Third) of Unfair Competition § 16.  Therefore, I feel sufficiently confident to predict that Florida courts would recognize a common-law unfair

competition claim for trade dress infringement with the same elements as a federal trade dress infringement claim under § 43(a) of the Lanham Act.[5]  For these reasons, I find there is a sufficient basis to conclude that Plaintiffs are entitled to relief under the Florida common law of unfair competition.

        C.  Plaintiff is Entitled to Injunctive Relief

        The Court may grant a patentee who prevails in an infringement action an injunction "in accordance with the principles of equity to prevent" further infringement, "on such terms as the court deems reasonable."  35 U.S.C. § 583.  "[W]ell-established principles of equity" generally require a plaintiff seeking a permanent injunction to demonstrate

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  A court may also enjoin a defendant's continued infringement of a plaintiff's trade dress.  See, e.g., AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1551-52 (11th Cir. 1986).  "The decision to grant or deny a permanent injunction is an act of equitable discretion by the district court."  Id.

        Plaintiffs have suffered and continue to suffer an irreparable injury from Defendant's infringement of its patents and trade dress.  While Plaintiffs may be able to win a monetary judgment based on future infringement, they should not be required to litigate in order to enforce their "right to exclude others from making, using, offering for sale, or selling" the inventions and designs at issue, 35 U.S.C. § 154(a)(1), or to prevent

---

[5] I note that at least one other federal court has reached the same conclusion. See Isaly Co. v. Kraft, Inc., 619 F. Supp. 983, 996 (M.D. Fla. 1985), reversed in part on other grounds sub nom AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531 (11th Cir. 1986).

Defendant from potentially jeopardizing their reputation with consumers by selling confusingly similar products, 15 U.S.C. § 1125(a). Moreover, it is unclear that Plaintiffs will be able to actually recover money damages from Defendant, a small, privately-owned LLC. Thus, given the willfulness of the infringement, the balance of the equities tips in Plaintiffs' favor. Finally, an injunction here would not disserve the public interest. This does not appear to be a case in which the holder of a "potential[ly] vague[]" or "[in]valid" patent embodied in "but a small component of the product [Defendant] seeks to produce" wields the threat of an injunction to extract "exorbitant [licensing] fees." eBay, 547 U.S. 388, 396-97 (Kennedy, J., concurring). By all appearances, Defendant's product is nothing more than a knock-off of Plaintiffs'.

D. Crafting a Proper Injunction

Rule 65(d)(1) requires that "[e]very order granting an injunction ... (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." These provisions are not "mere technical requirements," Schmidt v. Lessard, 414 U.S. 473, 476 (1974), but important safeguards rooted in constitutional due process concerns. Because a party who violates an injunction may be subject to criminal contempt, a party subject to one is entitled to "fair warning" of "what [conduct] is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 109 (1972). Rule 65 is "designed to prevent uncertainty and confusion" about the scope of injunctions, Schmidt, 414 U.S. at 476, by requiring district courts who write them to "frame [their] orders so that those who must obey them will know what the court intends to require and what it means to forbid." Int'l Longshoreman's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967). The Court has "an independent duty to assure that the injunctions it issues

- 8 -

comply with" Rule 65. <u>Chicago Bd. of Educ. v. Substance, Inc.</u>, 354 F.3d 624, 632 (7th Cir. 2003).

An injunction is appropriate here because Defendant has infringed Plaintiff's patents and trade dress and may continue to do so unless enjoined and because, as set forth above, Plaintiff has satisfied the traditional four-factor test for injunctive relief.  But, Plaintiffs' proposed injunction requires modification to ensure compliance with Rule 65(d). Plaintiffs proposes to enjoin "any act that infringes ... any claim of" any of their patents, "including but not limited to making, using, [etc.], any product that infringes any claim of" any of their patents, and "any act that infringes or causes or induces infringement of Plaintiffs' unregistered trade dress of its Miracurl and Curl Secret products."  (Doc. 19-1, pp. 3-4).  This language violates the principle that injunctions "must be narrowly tailored to remedy the specific harm shown."  <u>Aviation Consumer Action Project v. Washburn</u>, 535 F.2d 101, 108 (D.C. Cir. 1976); <u>see also</u> <u>e360 Insight v. The Spamhaus Project</u>, 500 F.3d 594, 604 (7th Cir. 2007) (courts must "'tailor injunctive relief to the scope of the violation found'" (quoting <u>Nat'l Org. for Women, Inc. v. Scheidler</u>, 396 F.3d 807, 817 (7th Cir. 2005))).  It also is inconsistent with Federal Circuit precedent holding that injunctions in patent cases may prohibit only "infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices." <u>International Rectifier Corp. v. IXYS Corp.</u>, 383 F.3d 1312, 1316 (Fed. Cir. 2004). Therefore, I recommend the Court impose an injunction limited to products that are not colorably different from the infringing ArganCurl product.

## I.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion (Doc. 16) be **GRANTED**.

2. The Court enter judgment for Plaintiffs, Conair Corp. and Babyliss Faco, SPRL, and against Defendant K & A Beauty, LLC on the issue of liability on all counts.

3. The Court enter an order permanently enjoining Defendant K & A Beauty, LLC; its officers, agents, servants, employees, and attorneys; and anyone in active concert or participation with Defendant or its officers, agents, servants, employees, and attorneys from:

    a. Making, using, selling, offering for sale, and importing into the United States the ArganWoman ArganCurl product, and any product not colorably different from the ArganCurl, that practices any of the claims of the following U.S. Patents:

        i.  No. 8,607,804, Hair Styling Aid;

        ii.  No. 8,651,118, Hair Styling Device;

        iii.  No. 8,733,374, Hair Styling Device; and

        iv.  No. D696,456, Hair Styling Apparatus; and

    b. Selling, offering for sale, marketing, or advertising within the United States the ArganWoman ArganCurl product, and any colorable imitation of the ArganCurl, that infringes on the trade dress of Plaintiffs' Miracurl and Curl Secret products.

4. Plaintiffs be granted leave to take discovery on the issue of damages.  As Defendant has not appeared in this action, Plaintiffs may obtain discovery from them using only the devices available to obtain discovery from non-parties. See Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360 (E.D. Wis. 2004).

5. A hearing be scheduled in due course to determine what, if any, damages Plaintiffs should be awarded for Defendant's infringement of Plaintiffs' patents and trade dress.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 24, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties